UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-80194-CIV-MARRA/REINHART
(22-80050-CR-MARRA)

JAMES LEONARD SMITH,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## FINAL JUDGMENT ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS AND DENYING PETITION FOR HABEAS CORPUS RELIEF

**THIS MATTER** was referred to the Honorable Bruce Reinhart, United States Magistrate Judge, for a Report and Recommendation ("R&R") on all dispositive matters. *See* ECF No. 12. Following a September 13, 2024, evidentiary hearing (ECF Nos. 28, 30), Magistrate Reinhart issued an R&R concluding that Petitioner James Leonard Smith has not met his burden of proving entitlement to habeas corpus relief and recommending that the Court deny Petitioner's 28 U.S.C. § 2255 Petition. *See* ECF No. 31. This Court has conducted a *de novo* review of the record and the issues in the R&R to which Movant has filed timely Objections. *See* ECF No. 32. This Court agrees with the well-reasoned analysis and conclusions in Magistrate Reinhart's R&R, which this Court fully adopts herein.

In the R&R (ECF No. 31), Magistrate Reinhart addresses each of the four Grounds Petitioner raised in his Motion. As to Ground One, wherein Petitioner claims his trial counsel was constitutionally ineffective for failing to file a notice of appeal after being instructed to do so, Magistrate Reinhart credits the testimony of Petitioner's trial counsel at the evidentiary hearing to conclude that Petitioner told his trial counsel not to appeal. *See* ECF No. 31 p. 6. As to Ground

Two, wherein Petitioner claims his trial counsel was constitutionally ineffective for not objecting to Petitioner's being treated as a career criminal under the Sentencing Guidelines, Magistrate Reinhart concludes his career offender status was properly evaluated under the Supreme Court's holding in *Brown v. United States*, 602 U.S. 101 (2024). *See* ECF No. 31 p. 9.  As to Ground Three, wherein Petitioner claims his trial counsel was constitutionally ineffective for failing to bring a Second Amendment challenge to his felon-in-possession count, Magistrate Reinhart concludes that Eleventh Circuit precedent rejects Petitioner's argument. *See* ECF No. 31 p. 10. Finally, as to Ground Four, wherein Petitioner claims his trial counsel was constitutionally ineffective for failing to object to the Presentence Investigation Report's conversion rate of 51.6828 grams of crack cocaine to 184.559279 kilograms of marijuana to calculate his sentence, Magistrate Reinhart concludes that there was no prejudice to Petitioner since his advisory sentencing range was based on the career offender guideline, which does not take into account the drug quantity. *See* ECF No. 31 p. 10.

Petitioner objects to certain of the R&R's conclusions as to Ground One. *See* ECF No. 32. Specifically, Petitioner contends that his counsel's failure to inform him of the availability of a challenge to the constitutionality of his sentence under the recent change in federal law by the Supreme Court's decision in *New York State Rifle & Pistol Assn., Inc. v. Bruen*, 597 U.S. 1 (2022), rendered his decision to instruct his counsel not to appeal not knowing and voluntary under *Thompson v. United States*, 504 F.3d 1203 (11th Cir. 2007). *See* ECF No. 32 pp. 4–8.  Petitioner therefore objects to Magistrate Reinhart's conclusion that it was "highly questionable" that Petitioner could raise a meritorious Second Amendment argument on appeal, and that the relevant Second Amendment arguments at issue "involve highly nuanced, sophisticated issues of federal

criminal practice . . . [and] [w]hile it might have been preferable for them to be explained to [Petitioner], trial counsel was not constitutionally deficient for not discussing these topics with [him]." *See* ECF No. 32 p. 5.

It was not constitutionally deficient for Petitioner's trial counsel to fail to explain the potential ramifications of the *Bruen* decision because the law in the Eleventh Circuit Court of Appeals is that *Bruen* did not abrogate the exiting and binding precedent of *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010), that felons do not have a Second Amendment right to possess firearms. *United States v. Dubois,* 94 F. 4th 1284, 1293 (11th Cir. 2024). It is not ineffective assistance of counsel for an attorney to fail to raise, never mind discuss with his or her client, claims that are without merit. *See United States v. Nyhuis,* 211 F. 3d 1340, 1344 (11th Cir. 2000). Even assuming that the law in this regard may change in the future, counsel's failure to raise certain points which subsequently gain judicial recognition does not render counsel ineffective. *Alvord v. Wainwright,* 725 F.2d 1282, 1291 (11th Cir. 1984); *Sullivan v. Wainwright,* 695 F. 2d 1306, 1309 (11th Cir. 1983). Petitioner has not demonstrated error in Magistrate Judge Reinhart's conclusion that trial counsel's omission to discuss the developing Second Amendment arguments under *Bruen* did not render his performance constitutionally deficient under *Strickland v. Washington*, 466 U.S. 668, 687 (1984) and *Thompson*.

Accordingly, it is **ORDERED AND ADJUDGED** that

1. The Report and Recommendation Recommending that the Court deny Petitioner's § 2255 Motion (ECF No. 31) is **AFFIRMED AND ADOPTED**.

2. Petitioner's Objections to the R&R (ECF No. 32) are overruled.

3. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255

(ECF No. 1) is **DENIED**.

4. No certificate of appealability shall issue because Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. §2253 (c)(2).

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 28th day of April, 2025.

KENNETH A. MARRA
United States District Judge

Copies provided to:

James Leonard Smith, *pro se*
92563-509
Coleman Medium
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1032
Coleman, FL 33521

All Counsel of record